# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-523 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Bank of New York Mellon's ("plaintiff") motion for reconsideration. (ECF No. 73). Defendant Grey Spencer Dr Trust ("defendant") filed a response (ECF No. 74), to which plaintiff replied (ECF No. 75).

**I.  Background**

The parties are already familiar with the underlying facts of this case. *See* (ECF No. 72). Therefore, the court need not recite them again herein. However, the court will briefly explain the procedural history that has led to the instant motion.

On March 9, 2018, the court entered an order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment on their respective quiet title claims. (ECF No. 72).

On August 2, 2018, plaintiff filed its instant motion for reconsideration. (ECF No. 73). The court now considers that motion.

**II.  Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

(9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

### III. Discussion

In its motion for reconsideration, plaintiff cites an unpublished Nevada Supreme Court case for the proposition that a homeowner's "tender" of nine months of HOA fees satisfies the superpriority portion of the HOA's lien, as plaintiff alleges occurred in this case. (ECF No. 73). *See Saticoy Bay LLC v. JPMorgan Chase Bank*, 408 P.3d 558 (Nev. 2017) (unpublished).

However, as defendant points out, one unpublished case from the Nevada Supreme Court does not satisfy the Rule 60 standard requiring an "intervening change in *controlling law*," nor does it convince the court that a different outcome is required in this case. *School Dist. No. 1J*, 5 F.3d at 1263 (emphasis added); *see* Fed. R. Civ. P. 60(b).

Plaintiff also asks the court to reconsider its analysis regarding commercial unreasonableness. (ECF No. 73). As the court has already provided a lengthy analysis of this argument in its previous order, the court declines to rehash this argument herein.

Therefore, the court maintains that plaintiff has not shown that it is entitled to judgment as a matter of law on its claim for quiet title. *See* (ECF No. 72). Conversely, defendant has demonstrated that it is entitled to judgment as a matter of law on its counter-claim for quiet title. *Id.* Accordingly, the court will deny plaintiff's motion for reconsideration.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 73) be, and the same hereby is, DENIED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 10, 2019.

_____
UNITED STATES DISTRICT JUDGE